UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:26-CV-60740-MIDDLEBROOKS/AUGUSTIN-BIRCH

ASIEL HERNANDEZ PAO,

     Petitioner,

v.

PAMELA BONDI, *et al.*,

     Respondents.

_____/

## REPORT AND RECOMMENDATION ON
## PETITION FOR WRIT OF HABEAS CORPUS

This cause comes before the Court on Petitioner Asiel Hernandez Pao's Petition for Writ of Habeas Corpus. DE 1. The Honorable Donald M. Middlebrooks, United States District Judge, referred the Petition to the undersigned United States Magistrate Judge to take all action required by law. DE 5. Respondents filed a response to the Petition. DE 7. The Court has carefully considered the briefing and the record and is otherwise fully advised. The Court **RECOMMENDS** that the Petition [DE 1] be **GRANTED** insofar as Respondents be ordered to, within seven days, either afford Petitioner an individualized bond hearing before an Immigration Judge or release him.

### I.      Background

This case is one of many cases around the country stemming from the Department of Homeland Security's ("DHS") recent changes to its interpretation of the Immigration and Nationality Act's ("INA") detention provisions and the Board of Immigration Appeals' ("BIA") agreement with that interpretation in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025).

Two INA detention provisions are at issue, 8 U.S.C. § 1225(b)(2) and 8 U.S.C. § 1226(a). Section 1225(b)(2) states that, "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained."  8 U.S.C. § 1225(b)(2)(A).

Section 1226(a) states, "On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States."  *Id.* § 1226(a).  But § 1226(a) provides that an alien awaiting a decision on removal may be released on bond instead of continuing to be detained.  *Id.*  "Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention."  *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).

On July 8, 2025, DHS informed Immigration and Customs Enforcement ("ICE") employees that § 1225(b)(2), rather than § 1226(a), applies to all non-citizens present in the United States who have "not been admitted . . . whether or not at a designated port of arrival."  *Merino v. Ripa*, No. 25-23845-CIV, 2025 WL 2941609, at *3 (S.D. Fla. Oct. 15, 2025) (quoting *ICE Memo: Interim Guidance Regarding Detention Authority for Applications for Admission*, AILA Doc. No. 25071607 (July 8, 2025)).  DHS has taken the position that all non-citizens present in the United States who have not been admitted or paroled are applicants for admission and are subject to mandatory detention under § 1225(b)(2), without the possibility of bond.  *Id.*  On September 5, 2025, BIA agreed with this interpretation, issuing a binding ruling in *Matter of Yajure Hurtado* that Immigration Judges lack the authority to hear bond requests or to grant bonds to non-citizens who are present in the United States without admission because those non-citizens are properly detained under § 1225(b)(2).  *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025).  With this background in mind, the Court turns to the facts of this case.

2

Petitioner states that he is a citizen and national of Cuba who entered the United States without inspection in June of 2022 and who has lived in the United States since that time.  DE 1 ¶¶ 3, 6–7.  He is married to a lawful permanent resident of the United States.  *Id.* ¶ 8.  He has no criminal history and has strong family and community ties in South Florida.  *Id.* ¶ 10.  He was taken into immigration custody, currently is detained at the Broward Transitional Center in Pompano Beach, Florida, and has been denied a bond hearing.  *Id.* ¶¶ 2, 11, 13, 18.

## II.        Analysis

Petitioner maintains that his detention without bond violates the INA and his right to due process under the Fifth Amendment to the United States Constitution.  *Id.* at 3.  Respondents contend that Petitioner has named incorrect Respondents, that this Court lacks jurisdiction to entertain the Petition, and that Petitioner properly is detained without bond under 8 U.S.C. § 1225(b)(2).  DE 7.

### A.  The Correct Respondent

Petitioner named as Respondents Attorney General Pamela Bondi and Juan Agudelo. DE 1 at 1.  Respondents argue that they are named incorrectly and that the proper Respondent is Juan Gonzalez as the Warden of the Broward Transitional Center.  DE 7 at 1 n.1.

A writ of habeas corpus must "be directed to the person having custody of the person detained."  28 U.S.C. § 2243.  "[T]here is generally only one proper respondent to a given prisoner's habeas petition," and that is the custodian "with the ability to produce the prisoner's body before the habeas court."  *Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004).  Warden Juan Gonzalez, in his official capacity, should be substituted as a Respondent, and the claims against the remaining Respondents should be dismissed.

3

**B. Jurisdiction**

Respondents contend that, under 8 U.S.C. § 1252(b)(9) and (g), this Court lacks jurisdiction to consider the Petition.  Considering first § 1252(b)(9), that section provides that "[j]udicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States . . . shall be available only in judicial review of a final order."  8 U.S.C. § 1252(b)(9).  "[N]o court shall have jurisdiction, by habeas corpus under section 2241 of Title 28 or any other habeas corpus provision . . . to review such an order or such questions of law or fact."  *Id.*  This Court already has concluded, and Judge Middlebrooks has agreed, that § 1252(b)(9) does not divest this Court of jurisdiction to consider habeas petitions such as Petitioner's.  *Gonzalez v. Noem*, No. 0:25-CV-62261, 2025 WL 4053421, at *3 (S.D. Fla. Dec. 23, 2025) (concluding that "8 U.S.C. § 1252(b)(9) does not divest this Court of jurisdiction"), *report & recommendation adopted*, 2026 WL 115211 (S.D. Fla. Jan. 15, 2026).

Section 1252(b)(9) does not divest the Court of jurisdiction because it "does not present a jurisdictional bar where those bringing suit are not asking for review of an order of removal, the decision to seek removal, or the process by which removability will be determined."  *Dep't of Homeland Sec. v. Regents of the Univ. of Cal.*, 591 U.S. 1, 19 (2020) (quotation marks and ellipses omitted).  Importantly, "§ 1252(b)(9) does not present a jurisdictional bar" to a court determining whether "certain statutory provisions require detention without a bond hearing."  *Jennings*, 583 U.S. at 292–95; *see Boffill v. Field Off. Dir.*, No. 25-CV-25179, 2025 WL 3246868, at *4 (S.D. Fla. Nov. 20, 2025) ("Petitioner is challenging his mandatory detention under section 1225(b), and his entitlement to a bond hearing.  For these reasons, the Court concludes that section 1252(b)(9) does not divest the Court of its jurisdiction to consider the Petition.").  Here,

4

Petitioner is not asking for review of an order of removal, of the decision to seek his removal, or of the process by which his removability will be determined.  Rather, he has petitioned for review of the decision that he must be detained without a bond hearing.  As Petitioner's challenge does not fall under § 1252(b)(9), that section does not deprive the Court of jurisdiction.

Moving on to § 1252(g), that section provides that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien." 8 U.S.C. § 1252(g).  This Court already has concluded, and Judge Middlebrooks has agreed, that § 1252(g) does not divest this Court of jurisdiction to consider habeas petitions such as Petitioner's.  *Gonzalez*, 2025 WL 4053421, at *2 (concluding that "8 U.S.C. § 1252(g) does not divest this Court of jurisdiction"), *report & recommendation adopted*, 2026 WL 115211.

Section § 1252(g) does not divest the Court of jurisdiction because that section "is not to be construed broadly as a zipper clause applying to the full universe of deportation-related claims, but instead [applies] narrowly to only the three discrete governmental actions enumerated in that subsection." *Wallace v. Sec'y, U.S. Dep't of Homeland Sec.*, 616 F. App'x 958, 960 (11th Cir. 2015) (quotation marks omitted); *see also Camarena v. Dir., Immigr. & Customs Enf't*, 988 F.3d 1268, 1272 (11th Cir. 2021) (explaining that, "although many other decisions or actions may be part of the deportation process, only claims that arise from one of the covered actions are excluded from [court] review (at least by this provision)").  Petitioner's challenge to the lawfulness of his detention is not a challenge of one of the three discrete governmental actions listed under § 1252(g).  *See Boffill*, 2025 WL 3246868, at *3–4 ("Here, Petitioner's claim does not implicate the Attorney General's decision to commence proceedings, adjudicate cases, or execute removal orders.  Rather, Petitioner challenges the legality of his detention.  Such claim is reviewable.

Accordingly, section 1252(g) does not prevent this Court from exercising jurisdiction over the Petition." (citations omitted)); *Merino*, 2025 WL 2941609, at *3 ("Here, Petitioner is not challenging Respondents' decision to execute a removal order, nor is Petitioner challenging Respondents' decisions to commence or adjudicate his removal proceedings.  Instead, Petitioner is challenging his ongoing detention, which is not a claim barred by § 1252(g).  Therefore, this Court has jurisdiction to consider Petitioner's claims." (citations omitted)).  Because Petitioner's challenge does not fall under § 1252(g), that section does not deprive the Court of jurisdiction either.  As Respondents have not identified a statutory provision divesting the Court of jurisdiction to consider the Petition, the Court turns to the merits of Petitioner's contention that he is unlawfully detained without a bond hearing.

### C.  The Appropriate Statute Governing Petitioner's Detention

Respondents contend that the Petition must be denied because Petitioner properly is detained without bond under § 1225(b)(2), as opposed to § 1226(a).  Respondents maintain that § 1225(b)(2) applies to all non-citizens who are present in the United States without admission.

This Court already has rejected Respondents' position, and Judge Middlebrooks has agreed. *Sanchez v. Noem*, No. 0:25-CV-62677, 2026 WL 218739, at *2–3 (S.D. Fla. Jan. 20, 2026) (concluding that "Petitioner's detention is governed by 8 U.S.C. § 1226(a), [and] Petitioner is entitled to an individualized bond hearing before an immigration judge"), *report & recommendation adopted*, 2026 WL 222556 (S.D. Fla. Jan. 28, 2026); *Gonzalez*, 2025 WL 4053421, at *4 (concluding that "Petitioner's detention is governed by 8 U.S.C. § 1226(a), [and] Petitioner is entitled to an individualized bond hearing before an immigration judge"), *report & recommendation adopted*, 2026 WL 115211.  Likewise, many courts in this District and around

the country have rejected Respondents' position.[1] *E.g., Merino*, 2025 WL 2941609, at \*3 ("DHS's interpretation of the applicability of § 1225(b)(2), rather than § 1226, to noncitizens who have resided in the count[r]y for years and were already in the United States when apprehended, runs afoul of the statutes' legislative history, plain meaning, and interpretation by courts in the First, Second, Fifth, Sixth, Eighth, and Ninth Circuits."); *Puga v. Assistant Field Off. Dir., Krome N. Serv. Processing Ctr.*, No. 25-24535-CIV, 2025 WL 2938369, at \*5 (S.D. Fla. Oct. 15, 2025) ("[N]umerous courts that have examined the interpretation of section 1225 articulated by Respondents—particularly following the BIA's decision in *Matter of Yajure Hurtado*—have rejected their construction and adopted Petitioner's.").

Section 1225(b) "applies primarily to aliens seeking entry into the United States." *Jennings*, 583 U.S. at 297.  In contrast, § 1226(a) "applies to aliens already present in the United States." *Id.* at 303.  Petitioner was detained while he was already present in the United States, not while he was seeking entry into the United States.  According to Petitioner, he was already living in the United States when he was detained.  Petitioner's detention is governed under § 1226(a), not under § 1225(b)(2).  *See Merino*, 2025 WL 2941609, at \*3 ("Petitioner, who has resided in the country for nearly a decade and was apprehended while already within the United States, not at the border, falls under § 1226(a), not § 1225(b)(2), and is therefore subject to discretionary bond determination.").  As Petitioner's detention is governed under § 1226(a), he must receive an

---

[1] The Fifth Circuit recently reached a contrary conclusion in a split decision.  *See Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330 (5th Cir. Feb. 6, 2026).  That opinion is not binding on this Court.  Following the decision in *Buenrostro-Mendez*, courts within this Circuit have declined to follow its majority opinion, finding its dissenting opinion more persuasive.  *E.g.*, *Vasquez Lopez v. Warden, Glades Cnty. Det. Ctr.*, No. 2:26-CV-147-JES-NPM, 2026 WL 369362, at \*2 (M.D. Fla. Feb. 10, 2026) (recognizing *Buenrostro-Mendez* but determining that the majority opinion was "contrary to the overwhelming majority of district court judges to have considered the issue"); *Rostislav Malikov v. Bondi*, No. 2:26-CV-00172-SPC-NPM, 2026 WL 395296, at \*1 n.1 (M.D. Fla. Feb. 12, 2026) ("The Court acknowledges the Fifth Circuit's decision in *Buenrostro-Mendez* . . . which agreed with the government's interpretation of the INA.  The decision is not binding here, and it contradicts the vast majority of district court opinions addressing the issue.  The Court respectfully disagrees with the majority's reasoning and finds Judge Douglas's dissent more persuasive.").

individualized bond hearing before an Immigration Judge.  *See Jennings*, 583 U.S. at 306 (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).

### III.      Recommendation

Accordingly, the Court **RECOMMENDS** that Juan Gonzalez, in his official capacity as the Warden of the Broward Transitional Center, be substituted as a Respondent and that the claims against the remaining Respondents be dismissed.  The Court further **RECOMMENDS** that the Petition [DE 1] be **GRANTED** insofar as Respondent be ordered to, within seven days, either afford Petitioner an individualized bond hearing before an Immigration Judge or release him.

While a party normally has fourteen days to serve and file written objections to any of the findings and recommendations in a report and recommendation, *see* 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(a), this case warrants a shorter objection period.  Within **seven days** of being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations.  Failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation.  11th Cir. R. 3-1 (2014).

**DONE AND SUBMITTED** in Chambers at Fort Lauderdale, Florida, this 26th day of March, 2026.

PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE